OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellants Clarence Scott and Gloria Scott appeal the decision of the Mahoning County Court of Common Pleas granting Appellees', Falcon Transport Company, Steven Schillinger, George Friend and Kenneth Papp, joint motion for summary judgment. The Scotts have challenged the propriety of the trial court granting summary judgment before specifically ruling on two pre-trial motions and have requested that this court order the trial court to rule upon their pending motion to vacate the summary judgment.
 {¶ 2} First, because it is presumed that the trial court overrules any pre-trial motions that are not specifically addressed, the trial court did not err by failing to address them prior to ruling on the motion for summary judgment. In addition, it appears that the trial court did not even receive one of the motions until five days after the motion for summary judgment was ruled upon. Second, the appropriate form of relief from the trial court's failure to rule upon this pending motion to vacate would be a writ of procedendo, not appeal. Accordingly, we affirm the decision of the trial court.
 Facts {¶ 3} Clarence was employed by Appellees as a truck driver. Clarence is an African-American male, allegedly disabled by a hip disintegration, and a conscientious objector due to his being a Jehovah's witness. Clarence claims his employment was terminated by Appellees based upon his race, his religion, and his disability. In contrast, Appellees claim they terminated Clarence based upon his involvement in several accidents or incidents while driving his truck. The Scotts filed a complaint alleging discrimination against Appellees which included claims against Falcon Transport and three people in their individual capacities; Steve Schillinger, a supervisor, Kenneth Papp and George Friend, two drivers. Appellees filed their answer and Papp filed a separate answer with a counterclaim.
 {¶ 4} On April 15, 2002, Falcon, Schillinger, and Friend filed a joint motion for summary judgment. The Scotts then filed a motion to stay the ruling on summary judgment until further discovery could be completed. Falcon, Schillinger, and Friend filed a brief in opposition to the stay and soon after Papp joined the other Appellees in their motion for summary judgment and their opposition to the stay. At this time, the trial court had already granted the stay on May 1, 2002, for ninety days until July 17, 2002.
 {¶ 5} On June 6, 2002, the Scotts filed a motion to strike the affidavits in support of summary judgment based upon the affiants lack of personal knowledge. This motion was never explicitly ruled upon by the trial court. On July 19, 2002, the Scotts filed a motion to further extend the stay which had expired two days prior to his motion. However, it is questionable whether the trial court timely received this motion from the clerk's office since the trial court indicated with a stamp that it was not received until the 31st. Thus, without ruling on the motion for an additional extension of time, the trial court granted summary judgment on July 24, 2002, in favor of Appellees. On August 12, 2002, the Scotts filed a motion to vacate the summary judgment. Then, on August 16, 2002, the Scotts filed their notice of appeal with this court. This court then granted two limited remands to the trial court so that it could rule upon the motion to vacate. However, these two remand periods have expired and the trial court has yet to rule upon the motion.
 {¶ 6} As their first assignment of error, the Scotts allege:
 {¶ 7} "The Trial Court erred in granting Defendants' Joint Motion for Summary Judgment on July 24, 2002 before ruling upon Plaintiffs' Motion for Extension Pursuant to O.Civ. R. 6(B) filed July 19, 2002 and Brief in Opposition Instanter to Defendant's Joint Motion for Summary Judgment; Plaintiffs/Appellants also filed Motion to Strike the affidavits of Ed Hope, Jeff Jenkins and Mike Jester on June 6, 2002 which supported Defendant Falcon Transport Company's Joint Motion for Summary Judgment."
 {¶ 8} To properly address this assignment, we must determine what materials the trial court actually had before it when making its decision to grant summary judgment. First, we must decide whether the trial court should have stricken the affidavits attached in support of summary judgment. Second, we must decide whether the trial court actually had in its possession the Motion for Extension dated July 19, 2002. It is questionable that the trial court actually saw the motion, despite its July 19 date of filing, because the motion is stamped "Received JUL 31, 2002 By Court Room No. 1."
 Motion to Strike the Affidavits {¶ 9} The Scotts argue the trial court abused its discretion in granting Appellees' motion for summary judgment prior to ruling on their motion to strike the affidavits. The Scotts claim this potential ruling was significant in that the affidavits were the only evidence presented by Appellees in support of their motion for summary judgment. Although the affidavits make up the bulk of Appellees' support for their motion, the Scotts are incorrect in this assertion that they are the sole evidence since there are several other documents attached to Appellees' Motion for Summary Judgment.
 {¶ 10} Moreover, we may presume that the trial court implicitly overruled the motion based upon its later action of granting summary judgment despite the fact there is no indication in the record that the trial court ever ruled upon the motion. Solon v. Solon Baptist Temple,Inc. (1982), 8 Ohio App.3d 347. See, also, State v. Smith (Dec. 30, 1999), 7th Dist. No. 97 CA 37, citing State ex rel. The V. Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469. Accordingly, the Scotts' argument fails in that respect.
 {¶ 11} However, although the Scotts do not directly make the argument in their brief, we still must address whether the trial court abused its discretion in overruling the motion to strike. See, e.g.,Jewett v. Our Lady of Mercy Hosp. of Mariemont (1992), 82 Ohio App.3d 428. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108,112.
 {¶ 12} Affidavits filed in support of and in opposition to motions for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Civ.R. 56(E); McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 158-9, Section 6.33. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evid.R. 602.
 {¶ 13} The Scotts complain that the depositions attached in support of Appellees' Motion for Summary Judgment did not comply with these rules since they were based upon hearsay and opinion and were not based upon "sensorial experience." They explain that the depositions make broad, general, ambiguous and omniscient statements which could not be based upon personal knowledge. First, the Scotts claim it is not fathomable how the three men could make statements that Clarence at no time reported to Falcon Transport any harassment. They further claim that the three affiants statements purport that none of them had any knowledge that Clarence was disabled. They claim this would make the three men omniscient. The Scotts argue the affidavits should be stricken for those reasons.
 {¶ 14} In response, Appellees argue that the depositions of Mike Jester, the director of human relations, Jeff Jenkins, the safety director, and Ed Hope, the risk manager, all state, based upon personal knowledge, that the decision to terminate Clarence was made solely as a result of his driving record and failure to report accidents. They further state that Clarence's termination was not motivated by discriminatory intent or animus.
 {¶ 15} Appellees explain that Hope, Jenkins, and Jester are the three employees who regularly meet to review employee driving records and that these three men routinely make employee termination decisions based solely upon these reviews. Appellees' claim this testimony is factual and does not involve opinion or speculation. Appellees' contentions are supported by sufficient evidence. It is clear from the affidavits that all three of the affiants were present at the meeting when the decision to terminate Clarence's employment was made. In fact, the three affiants made up the committee which decided to terminate Clarence. It seems logical, then, that their opinions as to why Clarence was terminated would be admissible as evidence. Because the affidavits were given by people who have the most personal knowledge regarding Clarence's termination, the trial court did not abuse its discretion by admitting them as evidence in support of Appellees' Motion for Summary Judgment.
 Motion for Extension Pursuant to Civ.R. 6(B) {¶ 16} We must next consider whether the trial court erred in granting summary judgment before ruling upon the Scotts' Civ.R. 6(B) motion for extension of time to file their brief in opposition which was filed on July 19, 2002, two days after the original 90 day extension had expired. Although we could again say that this would be a pre-trial motion that is presumed to be overruled if not explicitly addressed, in this particular situation that would be improper. More specifically, it appears that there might have been a lag in time between the clerk's filing of the motion and the trial court's actual receipt of the motion. This is evidenced by the stamp on the document stating "Received JUL 31 2002 By Court Room No. 1." If the trial court did not receive the motion for extension until the 31st, that would mean that the trial court had already made its ruling on the summary judgment by the time it received the motion.
 {¶ 17} If that is truly the case, the more appropriate way for the Scotts to attack the trial court's decision would be to file a Civ.R. 60(B) Motion for Relief from Judgment. Notably, the Scotts did in fact file a motion to vacate the trial court's judgment based upon excusable neglect.
 {¶ 18} Because it appears the trial court did not receive the Civ.R. 6 motion for extension of time before granting summary judgment, we cannot say the trial court erred by not timely ruling upon it. Accordingly, the Scotts' first assignment of error is meritless.
 {¶ 19} As their second assignment of error, the Scotts allege:
 {¶ 20} "The Trial Court erred in not permitting the Plaintiffs/Appellants to file Brief in Opposition to the Joint Motion for Summary Judgment two (2) days after the time for filing same expired under excusable neglect."
 {¶ 21} Once again this raises the question as to whether or not the trial court actually received the motion for extension of time prior to ruling upon the motion for summary judgment. As previously mentioned, it appears from the record that the trial court did not receive the actual motion until several days after the motion for summary judgment was ruled upon and the judgment entry was journalized. Thus, the trial court could not have erred in failing to rule upon the motion if it never received it. The Scotts' second assignment of error is meritless.
 {¶ 22} As their third assignment of error, the Scotts allege:
 {¶ 23} "The Trial Court abused its discretion by not conducting an evidentiary hearing contemporaneous with the granting of the false judgment O.Civ.R. 55 and/or O.Civ.R. 56."
 {¶ 24} It appears from the arguments made in the Scotts' brief that they are again referring to the trial court's failure to rule on his motion for extension of time. Moreover, it appears that the Scotts have confused the trial court's grant of summary judgment with some form of default judgment. Since the Scotts have made several appearances in this case, default judgment was not granted against them. Once again, we cannot say that the trial court erred by failing to conduct a hearing on the Scotts' motion if it hadn't yet received the motion for extension of time. The Scotts' third assignment of error is meritless.
 Pending Motion to Vacate {¶ 25} As their fourth and final assignment of error, the Scotts allege:
 {¶ 26} "The Trial Court abused its discretion in not ruling on Plaintiffs/Appellants' Motion to Vacate after the Appellate Court granted limited remand to do so."
 {¶ 27} The Scotts appear to be asking this court to compel the trial court to address their motion to vacate judgment. On August 12, 2002, the Scotts filed their motion to vacate judgment based upon their counsel's excusable neglect due to illness. On August 16, 2002, the Scotts filed a notice of appeal from the trial court's grant of summary judgment in this court. We then granted a motion for limited remand so that the trial court could address the pending motion to vacate. We granted a second limited remand on March 27, 2003 so that the motion to vacate could be resolved by the trial court before May 19, 2003. It appears from the record that the trial court has yet to rule upon the motion to vacate.
 {¶ 28} However, the Scotts cannot properly remedy this situation through a direct appeal. Instead, the Scotts should file a writ of procedendo to compel the trial court to act. A petition for a writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State exrel. Miley v. Parrot (1996), 77 Ohio St.3d 64. See, also, State ex relHoward v. Sargus, (Mar. 21, 2001), 7th Dist. No. 99 BA 24. Accordingly, the Scotts' final assignment of error is also meritless.
 Motion for Sanctions {¶ 29} Finally, we note that Appellee Kenneth Papp has filed a motion for sanctions pursuant to App. R. 23 arguing this was a wholly frivolous appeal. Papp claims it was frivolous for the Scotts to ask this court to grant relief from the trial court's failure to rule upon the motion to vacate when we have already remanded the case twice to the trial court. Moreover, Papp claims the entire lawsuit against him is frivolous. He explains that the Scotts sued him as an individual despite the fact that the law does not support this type of discrimination case against individuals.
 {¶ 30} App.R. 23 allows a court of appeals to require an appellant to pay reasonable expenses of the appellee, including attorney fees and costs, upon a finding that an appeal is frivolous. In re Estate ofHollingsworth (1989), 58 Ohio App.3d 14, 15. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v. Fountas (1984), 16 Ohio App.3d 226.
 {¶ 31} Because this appeal did not require this court to reach the merits of the underlying lawsuit, it would be difficult to tell if the lawsuit was in fact frivolous. However, we can determine whether the instant appeal presents any reasonable question for review. We find that it does. Papp's request for sanctions is denied.
 {¶ 32} According, as all of the Scotts' assignments of error are meritless, the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.