DECISION
{¶ 1} Plaintiff-appellant, Robert Canady, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Fifth Third Bank ("the bank"). Because the trial court properly granted the bank's motion for summary judgment, we affirm.
 {¶ 2} On November 27, 2002, plaintiff filed a complaint against the bank and four individuals, Curtis Hollis, George Shaefer, Judd Mackenbach and Molly Lampe. In his complaint, plaintiff asserted defendants negligently and intentionally failed to include $.50 and $1 debit check card entries in its bank statement, causing plaintiff to overdraw his account. In response, defendants on December 23, 2002 filed a motion to dismiss. The trial court granted defendants' motion on May 12, 2003, and plaintiff appealed.
 {¶ 3} On appeal, this court affirmed in part, reversed in part, and remanded the matter to the trial court for consideration of plaintiff's negligence claims, which this court noted better would be considered in the context of a breach of contract claim. On remand, plaintiff sought leave to file an amended complaint alleging defendants negligently and in bad faith breached their contract with plaintiff by (1) "their failure to include, and or inform Plaintiff of all fees and charges associated with the use of Plaintiff's debit card, and to post all entries in its bank statements," (2) "negligently breach[ed] their duty to Plaintiff by their failure to reaccredit Plaintiff's account with the full amount charged to the account, including the amount of the item that was not properly payable by Plaintiff," and (3) breached "their obligation to Plaintiff, where the Defendants and each of them knew of the errors within the Fifth Third electronic transaction system * * * and continuously failed to investigate Plaintiff's complaints." (Amended Complaint, 1-2.)
 {¶ 4} At defendants' request, the court conducted a status conference. By entry filed April 16, 2004, the trial court accepted plaintiff's amended complaint and noted the parties' agreement to dismiss with prejudice all individual defendants from the action. On July 20, 2004, the court referred the matter to arbitration that resulted on September 4, 2004 in a report that awarded nothing to plaintiff. In the report, the arbitrators noted "the plaintiff acknowledged that all deposits (credits to the account) were accurately reflected on the bank statements. Plaintiff admitted that, though not all debits (withdrawals from account) were shown on the bank statement, all the withdrawals on the bank statements were also accurate."
 {¶ 5} Prior to the court's referring the matter to arbitration, plaintiff on July 16, 2004 filed a motion for summary judgment; the bank filed a cross-motion for summary judgment on July 19, 2004. Following the arbitration decision, the bank brought the pending motions to the attention of the court. By decision and entry filed November 8, 2004, the trial court granted the bank's summary judgment motion.
 {¶ 6} Plaintiff appeals, assigning two errors:
[I.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR ITS DISCRETION [sic] AND ABUSED ITS DISCRETION BY IMPROPERLY GRANTING SUMMARY JUDGMENT TO APPELLEE FIFTH THIRD BANK.
[II.] THE TRIAL COURT DECISION AND ENTRY DEPRIVED OF [sic] HIS RIGHT TO A JURY TRIAL WHERE THE JUDGMENT OF THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER ARTICLE I, SECTION 5 AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION GUARANTEED HIM UNDER THE XIV TO THE UNITED STATES CONSTITUTION.
 {¶ 7} Plaintiff's first assignment of error asserts the trial court erred in granting summary judgment to the bank.
 {¶ 8} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 9} Pursuant to Civ. R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ. R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.;Vahila v. Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ. R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila at 430; Civ. R. 56(E). See, also, Castratarov. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219.
 {¶ 10} The relationship between a bank and its customer is contractual. Cincinnati Ins. Co. v. First National Bank of Akron (1980),63 Ohio St.2d 220. In his complaint, plaintiff contends the bank breached its contract with him in the fees assessed to his "Totally Free" checking account.
 {¶ 11} In support of its summary judgment motion, the bank supplied the affidavit of Judd Mackenbach, who stated that he is an employee of the bank and, as an employee, previously met with plaintiff to discuss his checking account. According to Mackenbach's affidavit, he and plaintiff discussed the terms of plaintiff's account agreement, and Mackenbach assisted plaintiff in balancing his checkbook. Mackenbach's affidavit states that, although the account agreement clearly provided for the charges that were assessed in plaintiff's account, "I credited Mr. Canady's Account with a portion of the fees to accommodate him. After a credit was made to Mr. Canady's Account, I explained to Mr. Canady that the charges were proper and would continue to be charged in the future in accordance with the terms of the Account Agreement." (Affidavit, ¶ 4.)
 {¶ 12} In addition to the account agreement referenced and authenticated in Mackenbach's affidavit, the summary judgment motion is supported with the affidavit of Michele Miller, who is employed as the office administrator for trial counsel for the bank. In her affidavit, Miller states that she received copies of plaintiff's bank statements, including those from his "Totally Free" checking account from the time it was opened until the date it was closed. According to her affidavit, a spreadsheet was prepared, under her direct supervision and control, using all of the bank's statements issued to plaintiff and setting forth every transaction that occurred in plaintiff's account during its existence. The spreadsheet is attached to the summary judgment motion.
 {¶ 13} Because plaintiff filed a summary judgment motion, we also consider the documents attached to his motion. Although plaintiff's motion has a number of attachments, most of them are not Civ. R. 56(E) materials, and, as a result, the trial court was not required to consider them. Nonetheless, attached to his motion are two of plaintiff's affidavits. In the first, he states that he opened a "Totally Free" checking account with the bank on November 6, assisted by Mackenbach. According to his affidavit, he and Mackenbach "never discussed or negotiated any terms regarding full acceptance of Defendant Bank's 50% recredit of Affiants missing funds[;] * * * [t]hat over 80% of Affiant's purchases were made with his choice to debit the account as opposed to purchasing with a credit (PIN #), and the failure of Defendant Bank's negligence to correct errors of posting the debit card fees and other posting errors to Affiant's account statements resulted in Affiant being charged wrong and false overdraft fees and charges in an estimated amount any where from $3,051.82 to at least $10,019.76." Plaintiff further asserts the bank, through its counsel and authorized representatives, Molly Lampe and Mackenbach, responded in bad faith to plaintiff's interrogatories in the litigation. Plaintiff further states the bank is in contempt of a court order by failing to seriously discuss out of court settlement.
 {¶ 14} In another affidavit, plaintiff asserts that on or around November 13, 2001, he contacted his personal banker regarding a deficiency in his account. "After consultation and a review of Affiant's account the personal banker concluded that there was a total amount of 435.74 defrauded from Affiant's account from November 2000 to November 2001. Only one half of the amount was replaced on or around January 11, 2002." (Affidavit, ¶ 5.) According to plaintiff, he was reimbursed for mistaken overdraft charges, but he never was reimbursed for the amount of the returned item in the amount of $90.75, "check #'s 1067 and 1068." Id.
 {¶ 15} Plaintiff further states that "he was never informed by documentation or verbally, that the application of the 5/3 transaction policy {Bank Notice Sign} which reads: 'Any transaction made after 3:00p.m. will be credited to the next business day' did not apply to 5/3 when receiving a returned item check on a Friday and process the same at 12:00 midnight and any deposit made by the customer the following Saturday will not prevent an overdraft and return charges." Id. at ¶ 8. Plaintiff states that he also was never told when he opened his account that he would be charged $5 a day for an overdraft that did not yet show up on the bank statement. Finally, he states that at the time he opened the checking account he never received any literature or other documentation regarding benefits or penalties.
 {¶ 16} We understand the trial court's expressed difficulty in readily ascertaining the precise nature of plaintiff's allegation concerning the bank's wrongdoing. As did the trial court, we surmise plaintiff disputes the validity of the fees and charges assessed to his account. In addressing that issue, the bank supplied the affidavit of Mackenbach and Miller. Plaintiff contends the affidavits fail to comply with Civ. R. 56 in that they fail to indicate they were made from the affiant's personal knowledge. See Ohio Civ. R. 56(E) (requiring affidavits be made on personal knowledge); State ex rel. Cassels v. Dayton City School Dist.Bd. of Edn. (1994), 69 Ohio St.3d 217, 223.
 {¶ 17} Plaintiff's contentions are unpersuasive, as the affidavits indicate the source of the affiant's knowledge of the matters to which he or she avers. Specifically, Mackenbach states he is an employee of the bank and engaged in discussions with plaintiff; Miller acknowledges her employment with the bank's counsel, and she further relates that the spreadsheet subject of her affidavit was compiled under her supervision and direction from the statements the bank forwarded to her. See Scottv. Falcon Transport Co., Mahoning App. No. 02 CA 145, 2003-Ohio-6725.
 {¶ 18} Moreover, the affidavits are specific to plaintiff's contentions. One of Mackenbach's two affidavits responds to and explains each of the circumstances plaintiff notes in his filings regarding the parties' cross-motions for summary judgment. The affidavit further sets forth the bank's procedure, in accordance with its agreement with plaintiff, in dealing with each situation. Similarly, the spreadsheet, according to the affidavit, reflects every transaction in plaintiff's account from the time it was opened until the time it was closed.
 {¶ 19} Plaintiff nonetheless complains that, pursuant to Mackenbach's meeting with plaintiff, Mackenbach credited only 50 percent of the incorrect charges assessed against his account. Mackenbach's affidavit, however, indicates the account reflected appropriate assessments and charges, but, in an effort to work with plaintiff, the bank credited his account with 50 percent of the assessments discussed at the meeting.
 {¶ 20} Even if, in some circumstances, the conclusory allegations of plaintiff's affidavit may create an issue of fact to be determined at trial regarding the appropriate amount to be credited to his account, his affidavit in this case is insufficient to create such an issue because of his admissions during the arbitration proceedings. According to the arbitrators' report, "the plaintiff acknowledges that all deposits (credits to the account) were accurately reflected on the bank statement. Plaintiff admitted that, though not all debits (withdrawals from account) were shown on the bank statement, all the withdrawals on the bank statement were also accurate." Plaintiff's admission in the arbitration proceeding negates his contention that the charges and assessments against the account were improper. Indeed, if some of the debits to the account were not reflected on the statement, plaintiff received a benefit from the bank. While plaintiff continues to assert that the bank has untimely posted certain items to his account, no facts in his affidavit suggests the bank's procedures were contrary to his contract with the bank. Accordingly, plaintiff's first assignment of error is overruled.
 {¶ 21} Plaintiff's second assignment of error asserts that he was denied his right to a jury trial through the trial court's granting summary judgment to the bank.
 {¶ 22} Contrary to plaintiff's contentions, a properly granted summary judgment motion does not violate a party's right to a trial by jury.Carrick v. Bennett, Summit App. No. 21962, 2004-Ohio-4949, appeal not allowed (2005), 105 Ohio St.3d 1439, citing Hicks v. Home Centers, Inc.
(Feb. 19, 1992), Summit App. No. 15144 (noting that "[s]ummary judgment is only appropriate where there are not triable issues in the case"). See, also, Sartor v. Arkansas Natural Gas Corp. (1944), 321 U.S. 620, 627,64 S.Ct. 724 (concluding that if no triable issues exist, the parties are not entitled to a jury trial). Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 23} Having overruled both of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Sadler McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.PRIVATE