[Cite as *Applied Bank v. McGee*, 2012-Ohio-5359.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| APPLIED BANK fka APPLIED CARD BANK, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 11 MA 157 |
| V. | ) | |
| | ) | OPINION |
| MAGGI A. McGEE AKA MAGGIE McGEE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Mahoning County
Court #5 of Mahoning County, Ohio
Case No. 10CVF00112CNF

JUDGMENT:     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee     Attorney Jacob M. Figelman
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114-2581

For Defendant-Appellant     Attorney Thomas N. Michaels
839 Southwestern Run
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: November 14, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Maggi McGee, appeals from Mahoning County Court #5 judgments granting summary judgment in favor of plaintiff-appellee, Applied Bank FKA Applied Card Bank, and overruling her motion to strike an exhibit attached to appellee's summary judgment motion.

{¶2} On March 9, 2010, appellee filed a complaint against appellant asserting that appellant owed $3,760.18 on a credit card issued by appellee and had defaulted on her payment obligation.

{¶3} Appellee next filed a motion for summary judgment. In support, appellee attached to its motion the affidavit of Michael Episcopo, a "VP/compliance" of appellee as Exhibit B. In his affidavit, Episcopo averred that appellee's business records indicated appellant's credit account number xxxx-xxxx-xxxx-9964 showed a default date of December 22, 2008, and a balance due of $3,760.18. Appellee also attached Exhibit A to its summary judgment motion. Exhibit A contains what appear to be copies of account statements for appellant's credit card account from August 6, 2008, through May 6, 2009.

{¶4} Appellant filed a motion to strike Exhibit A. She alleged that Exhibit A was not incorporated by reference in a properly framed affidavit in accordance with Civ.R. 56(E). She noted that Exhibit A was not referenced in Episcopo's affidavit. Appellant also filed a response to appellee's motion for summary judgment arguing that without the purported copies of the monthly account statements (Exhibit A), appellee could not prove its case.

{¶5} The trial court denied appellant's motion to strike. It then granted appellee's motion for summary judgment, finding no genuine issues of material fact. The court entered judgment in appellee's favor in the amount of $3,760.18, plus interest.

{¶6} Appellant filed a timely notice of appeal on September 1, 2011. On appellant's motion, the trial court stayed the execution of its judgment pending this appeal.

{¶7} Appellant raises two assignments of error, the first of which states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT-APPELLANT'S MOTION TO STRIKE EXHIBIT A FROM PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT (JUDGMENT ENTRY DATED AUGUST 10, 2011)[.]

{¶8}  Appellant argues that Exhibit A was not incorporated by reference in a properly framed affidavit.  She points out that Episcopo's affidavit does not reference Exhibit A.  Therefore, appellant asserts that the trial court abused its discretion by failing to strike Exhibit A.

{¶9}  We review a trial court's ruling on a motion to strike for abuse of discretion.  *Scott v. Falcon Transport Co.*, 7th Dist. No. 02-CA-145, 2003-Ohio-6725, ¶11.  Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10}  Pursuant to Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.*

(Emphasis added).

{¶11}  And Civ.R. 56(E) provides in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of

all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶12}** The proper method for introducing evidentiary materials not specifically authorized by Civ.R. 56(C) is to incorporate them by reference into a properly framed affidavit. *Martin v. Central Ohio Transit Auth.*, 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (1990). Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is met by attaching the papers to the affidavit with a statement in the affidavit that the copies are true and accurate reproductions. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

**{¶13}** Appellee relies on *Citibank (South Dakota) N.A. v. Lesnick*, 11th Dist. No. 2005-L-013, 2006-Ohio-1448, which it contends is analogous to the case at bar.

**{¶14}** In *Lesnick*, the defendant challenged the sufficiency of an affidavit attached to the plaintiff's summary judgment motion. The *Lesnick* affidavit in support of the plaintiff's summary judgment motion stated that an agreement existed between the plaintiff and the defendant for the use of a credit card and that the defendant received goods, services and/or cash advances in the amount of $35,478.79. *Id.* at ¶11. The court found that these statements were sufficient to establish the existence of the account and the amount the defendant owed. *Id.* The *Lesnick* affidavit further stated that the affiant, by virtue of her position with the plaintiff, had access to all information regarding delinquent credit card accounts and had "'personal knowledge of all relevant financial and account information concerning Citibank * * * account number XXXXXXXXXXXX1770.'" *Id.* at ¶14. The affidavit further stated that the monthly account statements, "'attached hereto,'" were "'a hard copy printout of the financial information'" contained in the account. *Id.* The court found this language sufficient to authenticate the attached account statements. *Id.* Furthermore, the court found that the fact that the affidavit was sworn and notarized one month before the filing of the lawsuit did not disqualify the affidavit because it was simply prepared in anticipation of litigation and this had no bearing on its admissibility. *Id.* at ¶15. Thus, the court found that the affidavit and account statements were proper summary

judgment evidence.

**{¶15}** In this case, Episcopo stated in his affidavit that he had "personal knowledge under which Creditor's records were created" and was "familiar with Creditor's record keeping systems." (Episcopo Aff. ¶2). He further stated that appellee's records were kept in the ordinary course of business. (Episcopo Aff. ¶2). And Episcopo stated that it was appellee's regular practice to send monthly account statements to creditors. (Episcopo Aff. ¶3). Moreover, Episcopo stated that appellee's business records indicated that appellant's credit account showed a "default/charge off date of 12-22-2008" and "a balance of $3760.18." (Episcopo Aff. ¶4).

**{¶16}** But despite these averments, Episcopo's affidavit fails in one significant regard. It does not identify the account records as being attached to the affidavit. Nor does it purport to authenticate any records, attached or otherwise, as a "hard copy printout of the financial information contained in the account" as did the *Lesnick* affidavit. And the affidavit does not make any statements that the account records are true and accurate reproductions of the originals.

**{¶17}** Without some sort of acknowledgement or identification of the account records attached to the summary judgment motion, the trial court abused its discretion in failing to strike the account records on appellant's motion. They do not comply with Civ.R. 56(E)'s requirement for sworn or certified copies of documents. And they are not otherwise proper summary judgment evidence as listed in Civ.R. 56(C).

**{¶18}** Accordingly, appellant' first assignment of error has merit.

**{¶19}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE (JUDGMENT ENTRY DATED AUGUST 10, 2011)[.]

**{¶20}** Here appellant contends that the monthly account statements allegedly

detailing the activity in her account were not properly before the trial court for consideration. She contends that appellee's only evidence of the balance owed on the account was a conclusory statement in Episcopo's affidavit that the balance was $3,760.18. She points out that in her affidavit, attached to her response to the summary judgment motion, she expressly denied owing appellee this sum.

{¶21} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶22} An action on an account to recover money owed, such as on a credit card account, requires the plaintiff to make a prima facie showing of the existence of the account and the party's name,

> and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due.

*Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 869 N.E.2d 30, 2006-Ohio-

6618, ¶6, citing *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 223 N.E.2d 373 (1967).

**{¶23}** In determining whether a genuine issue of material fact exists for trial, a trial court may not consider documents submitted in opposition to a summary judgment motion that are not sworn, certified, or authenticated by affidavit as they have no evidentiary value. *Green v. B.F. Goodrich, Co.*, 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (1993). "While reliance on evidentiary material beyond that set forth in Civ.R. 56(C) has been allowed, it is only when the opposing party has raised no objection." *Id.*

**{¶24}** This case turns on whether Exhibit A should have been stricken from appellee's motion for summary judgment. As discussed above, the trial court should have struck Exhibit A from the record. If Exhibit A is not considered, then appellee cannot establish a beginning balance, a listing of charges and credits, or a running balance showing the amount claimed as due. Therefore, summary judgment was not proper.

**{¶25}** Accordingly, appellant's second assignment of error has merit.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby reversed. The matter is remanded for further proceeding and Exhibit A shall be stricken from consideration.

Vukovich, J., concurs.

Waite, P.J., concurs.