[Cite as *Dept. Stores Natl. Bank v. McGee*, 2013-Ohio-894.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DEPARTMENT STORES | ) | |
| NATIONAL BANK, | ) | CASE NO.  12 MA 103 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| MAGGI McGEE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:       Civil Appeal from County Court No. 5,
                                Case No. 11CVF344.


JUDGMENT:                       Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:         Attorney Melissa Hager
                                1100 Superior Avenue, 19th Floor
                                Cleveland, Ohio  44114-2581


For Defendant-Appellant:        Attorney Thomas Michaels
                                839 Southwestern Run
                                Youngstown, Ohio  44514


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                Dated:  March 8, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant Maggi McGee appeals from the decision entered in Mahoning County Court No. 5 granting summary judgment for plaintiff-appellee Department Stores National Bank (DSNB). McGee assigns one assignment of error in this appeal that raises two separate issues for this court's consideration. The first is whether the affidavit attached to DSNB's motion for summary judgment properly incorporated the exhibit that was attached to the summary judgment motion. The second issue is if the evidence was properly incorporated, whether it establishs that there is no genuine issue of material fact that McGee is in default and owes DSNB the amount alleged in the complaint.

**{¶2}** For the reasons discussed below, the sole assignment of error is meritorious because the affidavit attached to the motion for summary judgment did not properly incorporate Exhibit A, credit card statements. Without consideration of that exhibit, DSNB cannot establish its prima facie case for recovery of money owed on an account. Thus, the trial court's grant of summary judgment is hereby reversed and the cause is remanded for further proceedings.

Statement of Facts and Case

**{¶3}** On October 29, 2011, DSNB filed a complaint against McGee for money damages in Mahoning County Court No. 5. In the complaint, DSNB alleged that McGee defaulted on her credit card and owed it $4,563.85 on account number xxxx-xxxx-xxxx-4083. McGee filed an answer denying all allegations in the complaint. 12/19/11 Answer.

**{¶4}** Thereafter, DSNB moved for summary judgment. 02/07/12 Motion. Attached to the motion are two exhibits, Exhibit 1 and Exhibit A. Exhibit 1 is an affidavit from Brenda Woolfork, a litigation support manager for Macy's Credit Operations, Inc. This affidavit explained that DSNB issues and owns credit card accounts with the Macy's label, which is the credit card that was issued to McGee. The affidavit avers that McGee's credit account shows a balance of $4.,562.85, and that no part of the balance has been paid. Exhibit A consists of 41 credit card

statements from Macy's showing account balances, payments made, finance charges, late fees and/or charges incurred for new purchases.

**{¶5}** McGee filed a motion in opposition asserting that the affidavit attached to the motion for summary judgment did not properly incorporate Exhibit A and thus, the credit card statements could not be considered when determining whether summary judgment should be granted. 03/20/12 Motion. It was her position that without considering Exhibit A, there remains a genuine issue of material fact as to whether she owes DSNB the money it alleges she owes. In addition to her argument, she attached to her motion in opposition an affidavit avowing that she does not owe DSNB $4,5563.85 and that she did not receive a demand for payment.

**{¶6}** After considering the motions, the trial court granted summary judgment in DSNB's favor and ordered judgment against McGee in the amount of $4,563.85 plus statutory interest from the date of the judgment and costs. 05/04/12 J.E.

**{¶7}** McGee filed a timely notice of appeal from that decision. The trial court stayed its judgment pending the appeal to this court.

Assignment of Error

**{¶8}** "The trial court erred in granting summary judgment when genuine issues of material fact existed precluding summary judgment."

**{¶9}** The sole assignment of error addresses the propriety of the trial court's grant of summary judgment for DSNB. In reviewing a summary judgment award, we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.,* 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we use the same test the trial court did, Civ.R. 56(C). That rule provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th

Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505 (1986).

**{¶10}** As aforementioned, two issues are presented under this assignment of error. The one that will be dealt with first is whether the exhibits attached to DSNB's motion for summary judgment are proper summary judgment evidence as defined by Civ.R. 56(C) and (E). Pursuant to Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

> Civ.R. 56(E) provides in part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶11}** McGee acknowledges that Exhibit 1, the Woolfork affidavit, is proper summary judgment evidence under Civ.R. 56(C). However, she asserts that Exhibit A, the 41 credit card statements from Macy's, is not proper summary judgment evidence under Civ.R. 56(C).

**{¶12}** We agree with that assertion. The Macy's credit card statements are not pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, or written stipulations of fact. That said, the credit card statements could only constitute proper summary judgment evidence if they were incorporated through a properly framed affidavit. *Citibank v. McGee*, 7th Dist. No. 11

MA 158, 2012-Ohio-5364, ¶ 14, citing *Martin v. Central Ohio Transit Auth.,* 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (1990). This requirement is met "by attaching the papers to the affidavit with a statement in the affidavit that the copies are true and accurate reproductions." *McGee*, ¶ 14, citing *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

{¶13} While DSNB's motion for summary judgment refers to Exhibit A, the credit card statements, Woolfork's affidavit does not identify or even remotely attempt to incorporate the credit card statements. Furthermore, the affidavit does not attest that the copies of the credit card statements attached to the affidavit are true and accurate reproductions. This case is remarkably similar to one of McGee's prior appeals against another credit card company where the affidavit of the litigation support manager did not properly incorporate the credit card statements that were attached to the credit card company's motion for summary judgment. *Applied Bank v. McGee*, 7th Dist. No. 11MA157, 2012-Ohio-5359. In that case, we explained that when an affidavit fails to indicate in any manner that the account records are being attached to the affidavit and fails to authenticate the account records, those records do not comply with Civ.R. 56(E)'s requirement for sworn or certified copies of records. Id. at ¶ 16-17. Consequently, those account records do not constitute proper summary judgment evidence as listed in Civ.R. 56(C):

> But despite these averments, Episcopo's affidavit fails in one significant regard. It does not identify the account records as being attached to the affidavit. Nor does it purport to authenticate any records, attached or otherwise, as a "hard copy printout of the financial information contained in the account" as did the *Lesnick* affidavit. And the affidavit does not make any statements that the account records are true and accurate reproductions of the originals.

> Without some sort of acknowledgement or identification of the account records attached to the summary judgment motion, the trial court abused its discretion in failing to strike the account records on

appellant's motion. They do not comply with Civ.R. 56(E)'s requirement for sworn or certified copies of documents. And they are not otherwise proper summary judgment evidence as listed in Civ.R. 56(C).

*Id.*, at ¶ 16-17.

**{¶14}** Therefore, while the trial court could properly consider the Woolfork affidavit, it was not permitted to consider the credit card statements when it was determining whether to grant summary judgment. As such, our analysis must now determine whether there is sufficient support for summary judgment absent those credit card statements.

**{¶15}** This brings us to the second issue raised for our consideration – whether the evidence attached to DSNB's motion for summary judgment established that there is no genuine issue of material fact that McGee is in default and owes DSNB $4,563.85. In deciding this issue we cannot consider Exhibit A, the credit card statements, because they are not proper summary judgment evidence. *Id.* at ¶ 23. Thus, we must determine whether Woolfork's affidavit alone is sufficient to support the summary judgment award in DSNB's favor.

**{¶16}** An action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid. *Great Seneca Fin. v. Felty*, 170 Ohio App. 3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 6 (1st Dist.). Actions to collect on a credit card balance constitute actions "on an account." *Capital One Bank v. Toney,* 7th Dist. No. 06-JE-28, 2007-Ohio-1571, ¶ 34. To establish a prima facie case for money owed on an account, a plaintiff must demonstrate the existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due. *Id.* citing *Brown v. Columbus*

*Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 223 N.E.2d 373 (10th Dist.1967); see also *Citibank v. McGee*, 7th Dist. No. 11MA158, 2012-Ohio-5364, ¶ 25.

**{¶17}** The Woolfork affidavit does not establish these requirements. While the affidavit does include McGee's name, the account number and the ending balance that DSNB is seeking to recover, it does not meet the other requirements for establishing a prima facie case for money owed on an account. Specifically, the affidavit does not establish a beginning balance, a listing of charges and credits, or a running balance showing the amount claimed as due.[1] *Applied Bank v. McGee*, 2012-Ohio-5359, at ¶ 24. Thus, similar to McGee's prior appeal against Applied Bank, here summary judgment was also not proper. *Id.*

**{¶18}** Therefore, based upon the above reasoning, we find merit with McGee's sole assignment of error. The judgment of the trial court granting summary judgment in DSNB's favor is hereby reversed and the case is remanded for further proceedings.

Donofrio, J., concurs.
Waite, J., concurs.

---

[1] If the Macy's credit card statements had been properly incorporated summary judgment evidence, those statements could have established a prima facie case of money owed. The 41 credit card statements attached to the motion for summary judgment show a prima facie case for money owed on an account because those statements show account balances, payments made, finance charges, late fees and/or charges incurred for new purchases. Admittedly, not every credit card statement that McGee received from Macy's is attached to the motion. However, "it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship." *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 30, quoting *Wolf Automotive v. Rally Auto Parts, Inc.,* 95 Ohio App.3d 130, 134 (10th Dist.1994). *See Am. Express Travel Related Servs. v. Silverman,* 10th Dist. No. 06AP338, 2006–Ohio–6374, ¶ 9–10 (concluding four years worth of credit card statements and copy of the cardmember agreement constituted sufficient evidence of an account, as requiring American Express to produce 30 years worth of statements constituted "an unreasonable burden").