[Cite as *Riley Petroleum Prods., L.L.C. v. Hilltop Drive, L.L.C.*, 2013-Ohio-4359.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

RILEY PETROLEUM PRODUCTS, LLC,)

        )      CASE NO.  12 JE 16

     PLAINTIFF-APPELLEE,    )

        )

    - VS -       )      OPINION

        )

HILLTOP DRIVE, LLC dba BUCKEYE  )

FUEL AND FOOD, et al.,    )

        )

     DEFENDANTS-APPELLANTS.  )


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Common Pleas Court, Case No. 12 CVG 60. |
| JUDGMENT: | Reversed and Remanded. |
| APPEARANCES: | |
| For Plaintiff-Appellee: | Attorney Costa Mastros<br>P.O. Box 608<br>Steubenville, OH  43952 |
| For Defendants-Appellants: | Attorney Don Yannerella<br>403 Board of Trade Building<br>80 – 20th Street<br>Wheeling, WV  26003 |

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


Dated: September 25, 2013

DeGenaro, P.J.

{¶1}   Naji T. Abboud and Hilltop Drive, LLC, dba Buckeye Fuel and Food, Defendants/Appellants, appeal the decision of the Jefferson County Court of Common Pleas, granting summary judgment to Riley Petroleum Products, LLC.  On appeal, Abboud argues that the trial court abused its discretion in granting summary judgment to Riley and in denying his motion to set aside summary judgment.

{¶2}   Abboud's first assignment of error is dispositive of the appeal and is meritorious.  The trial court committed error in granting Riley summary judgment as it did not meet the requirements for establishing a prima facie case for money owed on an account.  Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

{¶3}   On or about January 5, 2011, Abboud signed a document entitled 'Riley Petroleum Products LLC, Commercial / Business Credit Application and Agreement.' The two page agreement included information about Hilltop, Abboud, the terms and conditions of sale between Riley and Hilltop, and ramifications for default.  It was signed on behalf of Hilltop and personally guaranteed by Abboud.

{¶4}   On February 8, 2012, Riley filed a complaint for breach of contract in the Jefferson County Court of Common Pleas, which he amended on February 10, 2012.  Hilltop and Abboud filed an answer on March 30, 2012, and asserted various defenses, including accord and satisfaction.

{¶5}   On May 4, 2012, Riley filed a motion for summary judgment supported by the affidavit of John Riley.  In the affidavit John referenced an accounts receivable ledger which was never attached.  Abboud was served by regular U.S. Mail on May 4, 2012, at two of the addresses that he provided on the answer to the complaint.  A hearing was set on the motion for May 21, 2012.

{¶6}   At the hearing on Riley's motion neither Abboud, nor any other representative for Hilltop appeared.  Based upon the facts alleged in the affidavit and the attached and authenticated documents, the trial court granted summary judgment.

{¶7}   In addition to this appeal, Abboud filed a motion to set aside the summary judgment.  According to the transcript of proceedings filed with this court, a hearing was held on Abboud's motion to set aside summary judgment on June 15, 2012, at which

Abboud contended that he was not properly served. A review of the file and docket indicates there was no judgment entry filed from this hearing.

**{¶8}** Abboud asserts two assignments of error:

**{¶9}** "The trial court abused its discretion in granting Plaintiff/Appellee's Summary Judgment on May 21, 2012."

**{¶10}** "The trial court abused its discretion in denying defendant/appellant's motion to set aside summary judgment."

**{¶11}** Because our resolution of the first assignment of error is dispositive of the appeal, the second is rendered moot; as a result we need not address it. *In re Dissolution of Marriage of Kelly*, 7th Dist. Carroll No. 09 CA 863, 2011-Ohio-863, ¶45, citing App.R. 12(A)(1)(c).

**{¶12}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison,* 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5. A motion for summary judgment is properly granted if the court, viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶10. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶13}** Abboud asserts summary judgment was improper due to the fact that no account information was attached to the motion, specifically: a beginning balance; a listing of credits/debits; and a summarization of balance. Riley responds by

acknowledging that the accounts receivable ledger was inadvertently left off of Riley's affidavit, however, the affidavit itself contains the total amount owed.

{¶14} To establish a prima facie case for money owed on an account, the creditor must demonstrate the existence of an account in the name of the debtor, and "must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due." *Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶6 (1st Dist.) citing *Brown v. Columbus Stamping & Mfg. Co.,* 9 Ohio App.2d 123, 223 N.E.2d 373 (10th Dist.1967).

{¶15} This court considered a similar fact pattern to that in *Great Seneca* and the present case. In *Dept. Stores Natl. Bank v. McGee*, 7th Dist. Mahoning No. 12 MA 103, 2013-Ohio-894, the creditor, DSNB filed a motion for summary judgment, attaching two exhibits. Exhibit 1 was an affidavit from Macy's employee Brenda Woolfork, who stated that DSNB issued credit card accounts with the Macy's label, the credit card that was issued to McGee showed an account balance of $4,562.85, and no part of the balance had been paid. Exhibit A consisted of 41 statements for McGee's Macy's credit card showing account balances, payments made, finance charges, late fees and/or charges incurred for new purchases. McGee opposed the summary judgment motion, arguing that the affidavit attached to the motion did not properly incorporate Exhibit A and thus, the credit card statements could not be considered.

{¶16} This court held that when an affidavit fails to indicate in any manner that the account records are being attached to the affidavit and also fails to authenticate the account records, those records do not comply with Civ.R. 56(E) and cannot be used to support a summary judgment motion; therefore, the trial court erred when it considered the 41 credit card statements. *Id*. at ¶13 citing *Applied Bank v. McGee*, 7th Dist. Mahoning No. 11 MA 157, 2012-Ohio-5359, at ¶16-17. The panel continued its analysis:

"While the affidavit does include McGee's name, the account number and the ending balance that DSNB is seeking to recover, it does not meet the other requirements for establishing a prima facie case for money owed on an account." *Dept. Stores Natl. Bank* at ¶17. "Specifically, the affidavit does not establish a beginning balance, a listing of charges and credits, or a running balance showing the amount claimed as due." *Id.* citing *Applied Bank* at ¶24. The panel reversed the award in DSNB's favor because the affidavit, standing alone, was insufficient to support summary judgment.

**{¶17}** Here, the affidavit does include Hilltop and Abboud's name and the ending balance that Riley is seeking to recover, but it does not meet the other requirements set forth in *Brown*. Specifically, the affidavit does not identify an account number, establish a beginning balance, contain a listing of charges and credits, or depict a running balance showing the amount claimed as due. Because of this evidentiary deficiency, Riley failed to make a prima facie showing of money due on an account as contemplated by *Brown*, *Great Seneca* and the two *McGee* cases; thus, the trial court erred by granting Riley summary judgment. Accordingly, Abbouds's first assignment of error is meritorious. This cause is reversed and remanded to the trial court for further proceedings on the basis of this first assignment of error.

**{¶18}** In sum, Abboud's first assignment of error, which is dispositive of the appeal, is meritorious. The trial court committed error in granting summary judgment as Riley did not meet the requirements for establishing a prima facie case for money owed on an account. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

Vukovich, J., concurs.

Waite, J., concurs.