[Cite as *Citibank v. Hyslop*, 2014-Ohio-844.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Citibank, N.A., Successor to Citibank, (South Dakota), N.A., | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 12AP-885 |
| | : | (M.C. No. 2011 CVF 46604) |
| v. | : | (REGULAR CALENDAR) |
| Bruce A. Hyslop, | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on March 6, 2014

*Javitch, Block & Rathbone, LLC, Audra T. Funk*, and *Melissa A. Hager*, for appellee.

*Bruce A. Hyslop*, pro se.

APPEAL from the Franklin County Municipal Court.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Bruce A. Hyslop, from an entry of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Citibank, N.A. ("Citibank"), in Citibank's action seeking recovery for alleged non-payment due on a credit card account.

{¶ 2} On December 12, 2011, Citibank filed a complaint against appellant, alleging default on a credit card account. Attached to the complaint was a copy of a credit card billing statement, listing the account member as Bruce A. Hyslop for an account ending in 9842, and showing a balance due of $8,300.41. Citibank indicated it did not attach a copy

of the remaining account records because "(a) copies were sent monthly to the Defendant(s), and are or were in Defendant(s)' possession, custody or control; (b) said records were archived by Plaintiff; and/or (c) said account records may be voluminous."

{¶ 3} On February 6, 2012, appellant filed an answer, admitting that "at some time in the past he has had a credit card account with Plaintiff," and that "he is or may be in default of some repayment obligation to Plaintiff." On April 20, 2012, appellant filed a motion for judgment on the pleadings or, alternatively, a motion for a definite statement. Citibank subsequently filed a response to appellant's motion. By entry filed June 15, 2012, the trial court denied appellant's motion for judgment on the pleadings and for a definite statement, holding that Citibank's complaint "is properly pled and is sufficient for Defendant to provide an Answer to the Complaint as per Rules 8(A) and 10(D)."

{¶ 4} On July 9, 2012, Citibank filed a motion for summary judgment. Attached to the motion were copies of monthly account statements, as well as the affidavit of Mary E. Crum, the document control officer for Citibank. On July 31, 2012, appellant filed an affidavit in opposition to Citibank's motion for summary judgment, asserting that Citibank had failed to produce any document reflecting an agreement between the parties. On August 16, 2012, Citibank filed a reply. By entry filed September 12, 2012, the trial court granted summary judgment in favor of Citibank.

{¶ 5} On appeal, appellant sets forth the following two assignments of error for this court's review:

> [I.] The trial court erred in granting summary judgment against Defendant-Appellant as there are genuine issues of material fact.

> [II.] The trial court committed prejudicial error in failing to require that Citibank, N.A. demonstrate by what right it holds and/or is the real Party in interest in this action.

{¶ 6} Under the first assignment of error, appellant challenges the trial court's grant of summary judgment in favor of Citibank, arguing that Citibank failed to attach a copy of the cardholder agreement to its complaint as required by Civ.R. 10(D). Appellant also contends there was insufficient evidence to verify that he incurred charges or made payments on the account.

{¶ 7}   Pursuant to Civ.R. 56(C), summary judgment shall be granted if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  This court's review of a trial court's decision granting summary judgment is de novo.  *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.  In order to prevail on a motion for summary judgment, "the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C)." *Renzi v. Hillyer,* 11th Dist. No. 2012-L-041, 2012-Ohio-5579, ¶ 10, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996).  If the moving party satisfies this burden, "the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Id.*

{¶ 8}   In its summary judgment decision, the trial court found that the credit card statements and the affidavit of Mary Crum, attached to Citibank's motion for summary judgment, "show that [appellant] was issued and used the credit card which is the subject of this litigation."  Finding that Citibank had established the existence of a valid debt, the court further considered the materials submitted by appellant, including his own affidavit. The trial court concluded that the facts set forth by appellant failed to show a genuine issue of material fact remaining to be litigated.

{¶ 9}   In general, "[a]n action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid." *Dept. Stores Natl. Bank v. McGee,* 7th Dist. No. 12 MA 103, 2013-Ohio-894, ¶ 16.  Actions seeking to collect on a credit card balance "constitute actions 'on an account.' " *Id.*, quoting *Capital One Bank v. Toney,* 7th Dist. No. 06 JE 28, 2007-Ohio-1571, ¶ 34.  It has been noted that "[t]he purpose of an action on an account is 'to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action.' " *Citibank v. Lesnick,* 11th Dist. No. 2005-L-103, 2006-Ohio-1448, ¶ 8, quoting *Am. Sec. Serv., Inc. v. Baumann,* 32 Ohio App.2d 237, 242 (10th Dist.1972).

{¶ 10} In order to establish a prima facie case for money owed on an account, a plaintiff must demonstrate:

> [T]he existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due.

*McGee* at ¶ 16.

{¶ 11} This court has previously noted that "credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493 (10th Dist.1989). Thus, "a creditor need not produce a signed credit card application to prove the existence of a legally binding agreement because the credit card agreement created one." *Discover Bank v. Poling*, 10th Dist. No. 04AP-1117, 2005-Ohio-1543, ¶ 17. Further, "[t]o constitute an account, 'it is not necessary that every transaction that has transpired between the parties be included during the entire existence of their business relationship.' " *Ohio Receivables, LLC v. Dallariva,* 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 30, quoting *Wolf Automotive v. Rally Auto Parts, Inc.,* 95 Ohio App.3d 130, 134 (10th Dist.1994).

{¶ 12} In the present case, a review of the evidence submitted by Citibank indicates that the billing statement attached to the complaint included appellant's name (as "Account Member"), the last four digits of the account number (9842), the name on the credit card, and the balance due ($8,300.41). Citibank also submitted, as part of its motion for summary judgment, copies of monthly credit card statements reflecting account activity beginning September 30, 2009, and continuing through September 5, 2011. Those statements similarly list appellant's name and address and a partially redacted account number.

{¶ 13} In addition, Citibank submitted the affidavit of its document control officer, Crum. In the affidavit, Crum avers in part:

> The statements set forth in this affidavit are true and correct based on my personal knowledge and review of the business records described herein.

I am employed by Citibank. My job title is Document Control Officer. * * * As a custodian of records, I have knowledge of, and access to, account information and records concerning the defendant's Citibank account number currently ending in 9842.

Citibank's records regarding the Account contain the name and billing address of the defendant, the Account number (and predecessor account numbers, if any), the Account's history, which may include charges made, interest and/or fees assessed, payments and/or credits received, and the minimum payment due and the total outstanding balance due on the Account. * * * Exhibit A attached hereto and incorporated herein are copies of the Account statement transaction detail for the period from 9/3/2009 to 9/5/2011 that was sent to the defendant.

The Account Information reflects that charges were made on the Account to purchase goods and services and/or obtain cash advances. Defendant was provided periodic billing statements for the Account when there was Account activity, which described the charges on the Account, along with interest, fees, payments, credits and the amount due on the Account.

* * *

As reflected in the Account Information, defendant did eventually fail to make required payments on the Account.

As a result of defendant's failure to make proper payments on the Account, defendant is presently in default on the Account.

The attached Account Statement does not reflect any outstanding disputes on the Account.

As of the date of this affidavit, the Account balance of $8,300.41 is due and owing.

{¶ 14} As noted, appellant contends the trial court ignored the provisions of Civ.R. 10(D)(1), which states in part: "When any claim or defense is founded on an account * * * a copy of the account * * * must be attached to the pleading. If the account * * * is not attached, the reason for the omission must be stated in the pleading." Appellant argued

before the trial court that no proper account was attached, pursuant to Civ.R. 10(D)(1), because Citibank failed to include a copy of the cardholder agreement.  We disagree.

{¶ 15} Ohio courts, including this court, have held that "the Civ.R. 10(D)(1) requirement may be satisfied even where documents attached to a complaint do not strictly meet the definition of an account."  *Hudson & Keyse, LLC v. Carson,* 10th Dist. No. 07AP-936, 2008-Ohio-2570, ¶ 14.  Thus, in cases involving a suit concerning a credit card balance, i.e., an action on an account, courts have not required a credit card issuer to attach a copy of the agreement to the complaint.  *Citibank v. Eckmeyer,* 11th Dist. No. 2008-P-0069, 2009-Ohio-2435, ¶ 19 (plaintiff-bank's attachment of account to complaint, identifying defendant's name, account number, the interest rate and amount purported due satisfied requirements of Civ.R. 10(D)(1)).  *See also Huntington Natl. Bank v. Twining,* 8th Dist. No. 60222 (Feb. 21, 1991) (in action on account, plaintiff's attachment to the complaint of eight credit card statements, each indicating the balance due, satisfied the requirements of Civ.R. 10(D) and established the account and amount due).

{¶ 16} As indicated above, in support of its motion for summary judgment, Citibank submitted the affidavit of its custodian of records, as well as approximately two years of consecutive account statements, beginning September 2009 and ending September 2011.  The statements reflect purchases and payments made under the account, as well as finance charges, interest, and the balance due.  According to the averments of Crum, Citibank's custodian of records, (1) she has access to appellant's Citibank account ending in 9842, (2) her affidavit is based on her personal knowledge and review of those business records, (3) charges were made on the account to purchase goods, (4) appellant failed to make required payments, (5) the account is presently in default, and (6) the account balance of $8,300.41 is due.

{¶ 17} Upon review, we agree with the trial court that the materials submitted by Citibank in support of its motion for summary judgment were sufficient to establish a prima facie case for money owed on an account.  *Citibank, N.A. v. Katz,* 8th Dist. No. 98753, 2013-Ohio-1041, ¶ 12 (affidavit and account statements sufficient to meet Citibank's burden of establishing a prima facie case for money owed on an account where such materials "established the existence of the credit card account; the purchases,

advances, and payments made on the account; the finance charges applied * * *; the amounts due on the account each month; [defendant's] default; and the final balance owed on the account"). *See also McGee* (Affidavit of bank representative, as well as attachments including ten consecutive account statements showing purchases and payments, and a beginning and ending balance, established that credit card holder was in default for purposes of bank's summary judgment motion); *Citibank (South Dakota) N.A. v. Ogunduyile,* 2d Dist. No. 21794, 2007-Ohio-5166, ¶ 12 (copies of monthly account statements and affidavit of bank representative authenticating statements submitted in support of motion for summary judgment sufficient to establish prima facie case for money owed on account).

{¶ 18} Because Citibank met its burden of establishing no genuine issue of material fact, the burden then shifted to appellant to set forth specific facts to show there remains a genuine issue to be litigated. *Renzi* at ¶ 10. In response to Citibank's motion for summary judgment, appellant submitted his own affidavit and also attached, as exhibits, copies of email correspondence from "CitiCards." In his affidavit, appellant averred that Citibank had failed to "produce any document which reflects that there is any agreement between" the parties and he "denie[d] any such agreement exists." He further alleged there was no verification that he made any charge under the account; while noting that "[r]egular payments appear to have been made on the claimed account," appellant averred "there are no items attached to reflect who made such payments."

{¶ 19} The trial court, in addressing the materials submitted by appellant in response to the motion for summary judgment, noted that appellant attached to his response "five emails from CitiCards in 2012 which solicit [appellant] to view his Citi Credit Card statement online," but "[n]one of these emails shows the account number and all of them show a different account balance." The court further noted that "all three of the emails sent May 30, 2012 refer to a PayPal email." The trial court concluded that the materials submitted by appellant in his response "failed to demonstrate by affidavit or other evidence that he did not enter into a contract with the credit card company and failed to pay the balance due."

{¶ 20} As noted by the trial court, with respect to the email exhibits attached to appellant's response, no account number is listed, and three of the five emails reference

"PayPal." Upon review, we find no error with the trial court's determination that the documents attached to appellant's affidavit do not create a genuine issue of material fact. Nor do the averments in appellant's affidavit, including his claim that Citibank failed to attach a copy of an agreement between the parties, and his conclusory assertion challenging verification of payments, create a genuine issue of material fact.[1] *See Discover Bank v. Damico,* 11th Dist. No. 2011-L-108, 2012-Ohio-3022, ¶ 21 (unsubstantiated assertions in self-serving affidavit that balance on credit card account was incorrect, without supporting statements or evidentiary material, insufficient to establish that a genuine issue exists).

{¶ 21} Based upon this court's de novo review, the trial court did not err in granting summary judgment in favor of Citibank. Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶ 22} Under the second assignment of error, appellant argues the trial court erred in failing to require Citibank to demonstrate it is the real party in interest to bring this action. Specifically, appellant contends that Citibank's complaint and account statement indicate the account was not opened with Citibank (i.e., Citibank, N.A.), but rather with Citibank (South Dakota) N.A. Appellant maintains there was no evidence before the trial court demonstrating how Citibank properly succeeded to the claimed account.

{¶ 23} We find unpersuasive appellant's argument. Initially, as noted by Citibank, appellant raises this issue for the first time on appeal. Further, the account statement attached to Citibank's complaint informs the account holder: "Effective July 1, 2011, Citibank (South Dakota) N.A., is merged into Citibank, N.A." Appellant does not appear to challenge the fact of merger and, as noted above, did not raise this issue before the trial court; rather, appellant cites *Harvest Credit Mgt. VII v. Ryan,* 10th Dist. No. 09AP-1163, 2010-Ohio-5260, a case not involving a merger but instead the purported assignment of debt from one entity (the issuer) to another (the purchaser of a credit card account), and the issue of whether documentation the appellee attached to its motion for summary judgment "potentially sets forth two separate chains of title." *Id.* at ¶ 18.

---

[1] We note that the record on summary judgment does not indicate any past disputes as to charges on the account ending in 9842; according to the affidavit of Crum, the attached account statement "does not reflect any outstanding disputes on the Account."

{¶ 24} Under Ohio law, "[w]hen an existing bank takes the place of another bank after a merger, no further action is necessary" to become a real party in interest. *Huntington Natl. Bank v. Hoffer,* 2d Dist. No. 2010-CA-31, 2011-Ohio-242, ¶ 15, citing *Huntington Natl. Bank v. P.A.B., Inc.,* 10th Dist. No. 81AP-753 (Apr. 13, 1982). *See also Morris v. Invest. Life Ins. Co.,* 27 Ohio St.2d 26, 31 (1971) ("It is settled law that a merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities, franchises and powers of the former. Of necessity, the absorbed company ceases to exist as a separate business entity."). Once absorbed, "[t]he merged company has the ability to enforce * * * agreements as if the resulting company had stepped into the shoes of the absorbed company." *Acordia of Ohio, L.L.C. v. Fishel,* 133 Ohio St.3d 356, 2012-Ohio-4648, ¶ 7. Here, by virtue of the merger, there was "no further action * * * necessary" for Citibank to become the real party in interest. *Hoffer* at ¶ 15.

{¶ 25} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶ 26} Based upon the foregoing, appellant's first and second assignments are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____