[Cite as *LVNV Funding, L.L.C. v. Tanevski*, 2014-Ohio-1741.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LVNV Funding, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-398 |
| v. | : | (M.C. No. 2012 CVF 03 2974) |
| Dance Tanevski, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 24, 2014

*Levy & Associates, LLC*, *Yale R. Levy* and *Sean M. Winters*, for appellee.

*Watson Law Group, LLP*, *David C. Watson, Jr.*, for appellant.

APPEAL from the Franklin County Municipal Court

T. BRYANT, J.

{¶ 1} Defendant-appellant, Dance Tanevski, appeals from a decision of the Franklin County Municipal Court granting summary judgment to plaintiff-appellee, LVNV Funding, LLC, and entering judgment for plaintiff in the amount of $5,370.60. Because the evidence demonstrates a genuine issue of material fact for trial, we reverse.

**I. Facts and Procedural History**

{¶ 2} On August 29, 2012, plaintiff filed a complaint in the Franklin County Municipal Court alleging that it was the assignee of defendant's credit card account with Citibank and that defendant owed $5,370.60 on this account. (R. 1.) Plaintiff alleged defendant breached the account's agreement by failing to make payment as required.

{¶ 3} On October 25, 2012, defendant filed a motion to dismiss, asserting that plaintiff failed to demonstrate that it was the assignee of defendant's Citibank account. (R. 4.) The trial court on November 12, 2012 dismissed defendant's motion to dismiss. (R. 6.)

On November 19, 2012, defendant filed his answer, denying the allegations and asserting that plaintiff's complaint failed to state a claim upon which relief could be granted. (R. 7.)

{¶ 4} On March 8, 2013, plaintiff filed a motion for summary judgment, supporting its motion with the affidavit of Matthew Sowell, a representative of plaintiff, and three pages of account statements. (R. 14.) Defendant responded with a memorandum opposing summary judgment, asserting plaintiff was not entitled to judgment as a matter of law since the evidence submitted in support of summary judgment did not contain a record of the parties' agreement or the balance claimed by plaintiff. (R. 12.) On April 17, 2013, the trial court granted plaintiff's motion for summary judgment, finding no genuine issue of fact remained for trial. (R. 15.)

## II. Assignments of Error

{¶ 5} Defendant appeals, assigning the following two errors:

> I. THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE PLAINTIFF FAILED TO ESTABLISH A PRIMA FACIE CASE FOR AN ACTION UPON AN ACCOUNT BASED ON CONTRACT AND THE TRIAL COURT'S DECISION SHOULD BE REVERSED.
>
> II. THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE JUDGMENT ENTRY FAILED TO ADDRESS GENUINE ISSUES OF MATERIAL FACT AND THE TRIAL COURT'S DECISION SHOULD BE REVERSED.

Because defendant's assignments of error are interrelated, we will address them jointly.

## III. Standard of Review

{¶ 6} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion, and that conclusion is adverse to the nonmoving

party. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181 (1997).

{¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact by pointing to specific evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 8} "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

## IV. Summary Judgment Improperly Granted

{¶ 9} Defendant contends that the trial court improperly granted summary judgment because plaintiff failed to prove (1) that a contract existed between defendant and Citibank, and (2) a summarization of the amount allegedly owed on the account. Plaintiff responds that defendant waived any objections concerning the nature of the debt and the amount due and owing by failing to file a motion for a more definite statement. Plaintiff also contends that it pled a prima facie case sufficient to establish an account and the amount remaining due from plaintiff. (Plaintiff's Brief, 27.)

{¶ 10} Civ.R. 10(D)(1) requires that "[w]hen any claim or defense is founded on an account * * * a copy of the account * * * must be attached to the pleading. If the account

* * * is not attached, the reason for the omission must be stated in the pleading." The account attached to the complaint as required by Civ.R. 10(D)(1) " 'is the best evidence of the transaction and becomes a part of the complaint for all purposes.' " *Asset Acquisitions Group, L.L.C. v. Gettis*, 186 Ohio App.3d 586, 2010-Ohio-950, ¶ 14, quoting *Point Rental Co. v. Posani*, 52 Ohio App.2d 183, 185 (10th Dist.1976). Here, regardless of whether plaintiff complied with Civ.R. 10(D)(1) by attaching a copy of the account to its complaint, this court has held that a defendant's failure to file a motion for a more definite statement under Civ.R. 12(E) waives any objections regarding Civ.R. 10(D)(1). *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 36.

{¶ 11} Although defendant waived any objections to the complaint's compliance with Civ.R. 10(D)(1), this court has previously stated that to establish a prima facie case in an action to recover upon an account, the following "fundamentals" must be present:

> An account must show the name of the party charged. It begins with a balance preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due.

*Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123 (10th Dist.1967). To adequately plead and prove an account, "[i]t is not necessary that every transaction between the parties be included." *Hudson & Keyse, LLC v. Carson*, 10th Dist. No. 07AP-936, 2008-Ohio-2570, ¶ 13, modifying *Brown*. *See also Wolf Automotive v. Rally Auto Parts, Inc.*, 95 Ohio App.3d 130 (10th Dist.1994) (concluding that, although the account did not start at a zero balance, it showed debits and credits that allowed the court to determine the total claimed to be due and owing); *Am. Express Travel Related Servs. v. Silverman*, 10th Dist. No. 06AP-338, 2006-Ohio-6374 (finding that four years of credit card statements, two affidavits, and a copy of the cardholder's agreement constituted adequate evidence to establish an account, since it was an "unreasonable burden" for the plaintiff to provide 30 years of statements). *Compare Equable Ascent Fin., L.L.C. v. Christian*, 196 Ohio App.3d 34, 2011-Ohio-3791, ¶ 16-17 (10th Dist.) (determining

complaint insufficiently met standard for an account where no cardholder agreement attached, statements did not reflect purchases or payments but only the final amount owed).

{¶ 12} Here, the evidence submitted by plaintiff fails to adequately prove an account. Plaintiff attached to its complaint three copies of partial account statements from Citibank bearing defendant's name and a partially redacted account number. (R. 1) Each of the account statements consists of two pages from the following periods: June 12 through July 12, 2006; January 10 through February 9, 2007; and February 9 through March 12, 2007. (R. 1.) Notably, the account statements are incomplete in the record as they each contain only two of the three noted pages from the periods they purport to cover. (R. 1.) The statements do not begin at a balance of zero or contain an itemized list of the purchases or actions taken by plaintiff to arrive at the balance on the statements.

{¶ 13} Plaintiff's complaint also includes an account summary provided by plaintiff showing the alleged final balance on the account. (R. 1) However, the amount shown in plaintiff's account summary does not show a running or developing balance, nor is it possible to calculate the balance on the summary claimed to be due by reference to the account statements in the record. *See Brown* at 123. For these reasons, plaintiff fails to meet the minimum requirements for demonstrating the existence of an account under the standard outlined in *Brown*. *See Equable* at ¶ 17.

{¶ 14} We note that the record lacks a copy of the alleged financial services agreement between defendant and the institution that assigned its account to plaintiff. Although it is sufficient for purposes of pleading to allege the existence of a financial services agreement, a party cannot prevail on its claims without proving the existence of an agreement. *Carson* at ¶ 12; *FIA Card Servs., N.A. v. Ryan*, 10th Dist. No. 09AP-193, 2009-Ohio-6660, ¶ 20.

{¶ 15} Finally, plaintiff did not supply a bill of sale or copy of the assignment agreement pertaining to the alleged account between defendant and Citibank. "[A]n alleged assignee who brings an action in his own name must allege and prove the assignment." *Ohio Kwik, Inc. v. O'Brien*, 10th Dist. No. 92AP-494 (Sept. 17, 1992), citing *Zwick & Zwick v. Suburban Constr. Co.*, 103 Ohio App. 83 (8th Dist.1956). *See also Carson* at ¶ 11 (noting plaintiff "could not prevail on the claims assigned by the bank

without proving the existence of a valid assignment agreement"). Although plaintiff's motion for summary judgment includes an affidavit from Matthew Sowell, an authorized representative of plaintiff, stating that Citibank assigned all rights in the account in question to plaintiff, such evidence is not proof of an assignment agreement sufficient to protect defendant from multiple claims. *Hudson & Keyse, L.L.C. v. Yarnevic-Rudolph*, 7th Dist. No. 09 JE 4, 2010-Ohio-5938, ¶ 37 (finding summary judgment was improperly granted where assignment and bill of sale did not demonstrate account in question was assigned to claimant). *See also First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 2001-Ohio-2271, ¶ 20-21 (3d Dist.); *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, ¶ 31-32 (7th Dist.).

{¶ 16} The absence of the disputed credit card agreement, documents sufficient to demonstrate an account, and the assignment agreement demonstrating plaintiff is the assignee of the alleged account creates issues of material fact. *Carson* at ¶ 17; *Riley Petroleum Prods., L.L.C. v. Hilltop Drive, L.L.C.*, 7th Dist. No. 12 JE 16, 2013-Ohio-4359, ¶ 17. *Compare Discover Bank v. Paoletta*, 8th Dist. No. 95223, 2010-Ohio-6031, ¶ 7-14 (credit card issuer established a prima facie case for money owed on account by supplying copy of the agreement between the parties, seven years of account statements, and affidavit of account manager); *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. No. 11AP-951, 2012-Ohio-3165, ¶ 25-26.

{¶ 17} Because genuine issues of material fact remain for trial, it was improper to grant summary judgment in favor of plaintiff. Accordingly, we sustain defendant's assignments of error.

## V. Disposition

{¶ 18} Having sustained defendant's two assignments of error, we reverse the judgment of the Franklin County Municipal Court and remand for further proceedings.

*Judgment reversed and cause remanded.*

TYACK and DORRIAN, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____