DECISION AND JUDGMENT
{¶ 1} This is an accelerated appeal from a judgment of the Erie County Municipal Court that ruled in favor of defendant-appellee, Leanne Lavelle, in a breach of contract action filed by plaintiff-appellant, Lee's Granite, LLC ("Lee's"), and ruled in favor of Lee's as to a portion of Lavelle's counterclaim for breach of contract. *Page 2 
 {¶ 2} The facts of this case are as follows. On November 5, 2007, the parties entered into a contract under which appellant would fabricate and install granite countertops and a stainless steel under mount sink at appellee's home for $4,725. The contract further provided that all work would be completed in a workmanlike manner according to standard practices. Upon signing the contract, appellee paid a deposit of $2,360, with the balance to be due upon the completion of the project. Along with discussing the project, Chris Houser, the assistant manager at Lee's, and Lavelle discussed the removal of Lavelle's old countertops. When Houser told Lavelle that removal would be an additional $400, Lavelle stated that her brother would remove the old countertops.
 {¶ 3} Appellant was scheduled to install the countertop and sink on November 15, 2007. The day before the installation, Lavelle told Houser that she wanted Lee's to remove the existing countertop. Houser reminded her that the cost for removal would be $400, and Lavelle stated that that would be no problem. When the crew finished the installation Lavelle was not at home, so Houser took a copy of the bill, added $400 to it and left it on the counter. Later that afternoon, Bradley Brown, an independent plumber who often works with Lee's, arrived at Lavelle's home to install the faucets and garbage disposal on the new sink. Brown testified at the trial below that on jobs such as this, he is usually paid directly by the homeowner. When he completed Lavelle's job, however, and told her that the cost was $180, Lavelle said he should add it to the Lee's bill and he would be paid when she paid that bill. Brown agreed. *Page 3 
 {¶ 4} Although Lavelle was initially impressed by her new granite countertops, upon closer inspection, she noticed several problems. The seams between the sections were dark, wide and very visible and one section of the counter had a three foot long very visible flaw. Subsequently, she also learned that the sink overhang was uneven. Despite discussions between Lavelle and Mark Lee, the owner of Lee's Granite, the parties could not agree on how to resolve the problems. Lavelle did, however, pay the $180 owed for the plumber's bill.
 {¶ 5} On January 28, 2008, Lee's filed a small claims complaint in the court below for breach of contract and to recover the remaining balance owed under the contract, $2,365. Lavelle responded with a counterclaim for breach of contract, alleging that Lee's failed to complete the installation in a professional manner. Lavelle claimed $2,365 in damages or the amount needed to properly fix the countertop.
 {¶ 6} The case proceeded to a bench trial on February 20, 2008. Several witnesses testified on behalf of Lee's. In addition to the facts set forth above, Chris Houser stated that the dark line through one of the granite slabs was a natural vein in the stone. Houser was involved in cutting and grinding the slabs and stated that because they were usually covered in dust or water during those processes, he did not notice the vein until the countertops were installed. Mark Lee also testified that the vein was a natural part of the granite. Lee further stated that he offered to return to Lavelle's home to redo the seams but that Lavelle stated she wanted to evaluate her options. With regard to the bill, Lee testified that the copy of the bill that had been admitted into evidence did not *Page 4 
include the $400 for removal of Lavelle's old countertop and that the full amount due was $2,350 for the installation and $400 for the removal.
 {¶ 7} Lavelle also testified at the trial below and submitted photographs of the installed granite countertops. Lavelle explained her concerns regarding the vein in the granite, the black seams joining the slabs, and the un-uniform overhang surrounding the sink. When asked how she wanted to resolve the controversy, however, she stated that she was willing to live with the vein in the granite but wanted the seams and sink problems fixed by a reputable installer. She stated that she had spoken with other installers, that it would cost approximately $600 to repair those problems and that she would gladly pay Lee's the contract price minus the cost to repair the problems. She also agreed that she owed Lee's $400 for the removal of her old countertop.
 {¶ 8} On April 4, 2008, the lower court issued a judgment entry in which it found that although the parties entered into a contract under which appellant was to fabricate and install granite countertops for appellee for $4,725, appellant failed to complete the job in a workmanlike manner as required under the contract. Specifically, the court determined that the overhang on the sink varied from between three-eighths inch and seven-eighths inch and that Lee's gave no explanation for this obvious defect. In this regard, the court found particularly curious that the sink installed was provided by Lee's who, the court assumed, possessed the proper template for the cut-out and had installed the same sink in the past. The court further determined that the seam between the slabs of granite could be described at best as "unsightly and poorly done." Accordingly, the *Page 5 
court held that the sink cut-out and the joining of the granite slabs were both done in an un-workmanlike manner in breach of the contract at issue. The court further held, however, that the prominent line on the one granite slab was a naturally occurring vein and not a defect.
 {¶ 9} Based on the evidence before it, the lower court held in favor of Lavelle on Lee's complaint and then determined that that ruling rendered Lavelle's counterclaim moot except for Lavelle's claim for court costs and days lost from work to attend the trial. As to Lavelle's claim for days lost from work, the court ruled in favor of Lee's, finding that home remodeling projects invariably involve time away from work. Finally, the court ordered Lee's to pay the costs of the action.
 {¶ 10} Lee's now challenges the trial court's judgment through the following assignment of error:
 {¶ 11} "The trial court's judgment in favor of defendant/appellee against plaintiff/appellant (when the defendant/appellee on the record withdrew the portion of her counterclaim for which the court awarded her damages and for which she admitted she owed plaintiff/appellant money) is against the manifest weight of the evidence, is contrary to law, and is an abuse of discretion."
 {¶ 12} Lee's contends that because Lavelle withdrew her claim at the trial below that the one slab of granite was defective, and because she admitted that she owed Lee's the difference between the balance due on the contract and the cost to repair the seams *Page 6 
and sink, the lower court erred in awarding her a judgment on her counterclaim and dismissing Lee's complaint.
 {¶ 13} The appropriate standard of review in contract cases is whether the trial court erred as a matter of law. Schalmo Bldrs., Inc. v.Zama, 8th Dist. No. 90782, 2008-Ohio-5879, ¶ 14. Accordingly, we "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." Continental W. Condo. UnitOwners Assn. v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502. In so doing, we must keep in mind that "an appellate court gives due deference to the trial court's findings of fact, so long as they are supported by competent, credible evidence." The Four Howards, Ltd. v. J F Wenz Road Investment, L.L.C, 6th Dist. No. L-07-1200,2008-Ohio-6174, ¶ 63, citing State v. Clements, 5th Dist. No. 08 CA 31,2008-Ohio-5549, ¶ 11.
 {¶ 14} A contract is a promise or a set of promises, the breach of which the law provides a remedy. Cleveland Builders Supply Co. v.Farmers Ins. Group of Cos. (1995), 102 Ohio App.3d 708, 712. A plaintiff must present evidence on several elements to successfully prosecute a breach of contract claim. Donor v. Snapp (1994), 98 Ohio App.3d 597,600. The elements are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. Id.
 {¶ 15} Contrary to Lee's argument that the lower court awarded Lavelle damages on a claim she withdrew, the court, in our view, reviewed the evidence and determined that Lee's had not established the elements necessary to successfully prosecute its breach *Page 7 
of contract action. In particular, Lee's did not prove that it had performed its obligations under the contract, namely to install the sink and join the granite slabs in a workmanlike manner. The evidence submitted at the trial below supports this conclusion. What Lavelle believed she still owed under the contract was irrelevant to whether Lee's performed its obligations. Accordingly, we cannot say that the lower court erred in denying appellant's claim for breach of the installation contract.
 {¶ 16} We do find, however, that the parties had a separate and independent contract under which Lee's agreed to remove Lavelle's old countertops and Lavelle agreed to pay Lee's $400 for that removal. The evidence submitted at the trial established that Lee's successfully prosecuted this claim. In his testimony, Mark Lee stated that he was also seeking to recover the $400 for the removal, the court expressly questioned Lavelle about the removal and Lavelle agreed that she owed the fee. The lower court, however, failed to address this issue in its judgment entry. We find that the lower court erred in failing to award Lee's a $400 judgment for the removal of Lavelle's old countertops. The sole assignment of error is, therefore, well-taken in part.
 {¶ 17} On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Erie County Municipal Court is affirmed in part and modified as follows. Pursuant to App. R. 12(B), we hereby award appellant a $400 judgment against appellee. Appellant and appellee are ordered to share equally the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense *Page 8 
incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR. *Page 1