[Cite as *Calvary S.P.V. I., L.L.C. v. Krantz*, 2012-Ohio-2202.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97422**

## CAVALRY SPV I, LLC

PLAINTIFF-APPELLEE

vs.

## MARC K. KRANTZ

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-734879

**BEFORE:**  Kilbane, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**  May 17, 2012

**APPELLANT**

Marc K. Krantz, pro se
24877 Letchworth Road
Beachwood, Ohio 44122

**ATTORNEY FOR APPELLEE**

Cliff G. Linn
Immerman & Tobin Co., LPA
10810 Indeco Drive
Cincinnati, Ohio 45241

MARY EILEEN KILBANE, J.:

**{¶1}** Pro se defendant-appellant, Mark K. Krantz, appeals from the order of the trial court that denied his motion for summary judgment in a collection action brought by plaintiff-appellee, Cavalry SPV I, LLC ("Cavalry"), assignee of Citibank (South Dakota) N.A. ("Citibank"). For the reasons set forth below, we affirm.

**{¶2}** On August 23, 2010, Cavalry filed this action for collection on an account, alleging that defendant owes $16,255.36 on a credit card issued by Citibank, and that Cavalry is the purchaser and assignee of this debt. Cavalry also sought prejudgment interest in the amount of $19,613.03, the accumulated interest allegedly incurred due to nonpayment of the debt.

**{¶3}** Krantz denied liability. On July 27, 2011, he moved for summary judgment, asserting that the account belonged to Citibank, Cavalry lacked standing, Cavalry failed to provide a detailed accounting of the fees and charges and had not disclosed the material terms of the agreement, and the complaint was generally insufficient. In support of his motion for summary judgment, defendant submitted a "Citibank Credit Card Insurance Trust" that described certain Class A Notes underwritten by Citigroup, Lehman Brothers, and RBS Greenwich Capital, in connection with a Prospectus Supplement dated June 20, 2005. This document was not authenticated, and defendant did not establish that his debt is part of the Class A Notes from Citibank's Credit Card Insurance Trust.

**{¶4}** In opposition, Cavalry presented evidence that on February 27, 2008, it entered into a Bill of Sale, Assignment and Assumption Agreement with Citibank, through which it purchased various credit card accounts, including defendant's Citibank account. Based upon the last statement that Citibank issued to defendant on July 19, 2006, defendant owes $16,255.36 on the account and it is subject to a 24 percent annual rate of interest. Cavalry also presented evidence that defendant's account "became delinquent and was charged off on 7/19/06." As of that date, defendant owed $19,613.03 in accumulated interest on the account.

**{¶5}** On August 17, 2011, the trial court denied defendant's motion for summary judgment. The matter proceeded to a bench trial on Cavalry's complaint on September 19, 2011. At trial, Cavalry presented the testimony of John Spruill of Cavalry's accounts department. Spruill testified that Cavalry purchased defendant's account from Citibank on February 27, 2008. Cavalry's business records, as authenticated by Spruill, established that the present balance due on Krantz's account is $35,868.39, and this amount reflects $16,255.36 in principal charges and $19,613.03 in accumulated interest.

**{¶6}** Defendant did not cross-examine Cavalry's witness and did not present witnesses or documentary evidence.

**{¶7}** On September 20, 2011, the trial court entered judgment for Cavalry in the amount of $16,255.36, plus prejudgment interest in the amount of $19,613.03, in addition to statutory interest from the date of the court's order.

**{¶8}** Defendant now appeals, assigning the following error for our review:

The trial court erred to the prejudice of Defendant-Appellant, Marc K. Krantz when it denied his motion for summary judgment of July 27, 2011, where it was clearly shown that an incorrect plaintiff brought suit in this case.

{¶9} As an initial matter, we note that in *Ortiz v. Jordan*, 526 U.S. 1, 131 S.Ct. 884, 888-89, 178 L.Ed.2d 703 (2011), the Supreme Court held that a party may not "appeal an order denying summary judgment after a full trial on the merits" because that "order retains its interlocutory character as simply a step along the route to final judgment." The court reasoned that "[o]nce the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion." *Id*. at 889.

{¶10} Herein, following the trial court's denial of defendant's motion for summary judgment on August 17, 2011, the matter proceeded to a bench trial on the merits on September 19, 2011. Cavalry demonstrated that $16,255.36 in principal charges and $19,613.03 in accumulated interest is due and owing on defendant's account. Defendant presented no evidence to refute the debt, and final judgment was rendered for Cavalry. Therefore, the record produced at trial supersedes the record produced on summary judgment and establishes the basis of the court's judgment.

{¶11} In any event, it is well settled that once a moving party meets the initial burden of providing specific facts that demonstrate its entitlement to summary judgment, the nonmoving party must produce competent evidence to establish the existence of a

genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party may not rely upon unsupported allegations. Civ.R. 56(E).

{¶12} In this matter, defendant moved for summary judgment, but Cavalry provided specific facts that demonstrated that it purchased defendant's Citibank account on February 27, 2008, the account is delinquent, and $16,255.36 in principal charges and $19,613.03 in accumulated interest are due. Defendant alleged that Cavalry lacked standing and also presented a Citibank Credit Card Issuance Trust describing certain Class A Notes contained within a Prospectus Supplement. This evidence was insufficient to defeat Cavalry's standing in this matter because it was unauthenticated, failed to establish that his debt is part of the Class A Notes from Citibank's Credit Card Insurance Trust, and failed to establish that defendant was entitled to judgment as a matter of law.

{¶13} Moreover, insofar as defendant asserted that his account is a note and therefore actually part of the Citibank Credit Card Issuance Trust rather than Cavalry's February 27, 2008, Bill of Sale, Assignment and Assumption Agreement with Citibank, we note that the Bill of Sale specifically lists defendant's account as one of the accounts purchased by Cavalry. Further, there is no basis for the contention that defendant's credit card account is the equivalent of a promissory note. *See Smith v. Palasades Collection, LLC*, N.D.Ohio No. 1:07 CV 176, 2007 WL 1039198 (Apr. 3, 2007). In that case, the court rejected a debtor's claim that the credit card company could not collect on

his debt because it failed to establish that it was a cosigner of the note and a holder in due course. The court stated:

> [The debtor's claim] is based upon the flawed premise that a credit card agreement is equivalent to a promissory note. The credit card relationship is an offer by the issuer for a series of unilateral contracts which are actually formed when the holder uses the credit card to buy goods or services or to obtain cash. *In re Ward*, 857 F.2d 1082, 1086-87 (6th Cir.1988) ( citing Restatement (Second) of Contracts § 31 (1981)). The rights and obligations of the parties to the contracts, including the rights to assign a debt for collection, are governed by the terms of the agreement. *See Id.* A negotiable instrument, such as a promissory note, however, is a writing signed by the maker, containing an unconditional promise to pay a sum certain in money, on demand or at a definite time, to the order of a particular person or entity or to the bearer. U.C.C. § 3-104 (1972); *Fed. Deposit Ins. Corp. v. Wood*, 758 F.2d 156, 160 (6th Cir.1985).

**{¶14}** In accordance with the foregoing, defendant was not entitled to summary judgment. This assignment of error is without merit.

**{¶15}** Moreover, because Cavalry established at trial that defendant owed $16,255.36 in principal charges, $19,613.03 in accumulated interest, and defendant presented no evidence to refute this debt, the trial court properly awarded judgment to Cavalry herein.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR