[Cite as *Unifund CCR, L.L.C. v. Johnson*, 2014-Ohio-4376.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100600

## UNIFUND CCR, L.L.C.

PLAINTIFF-APPELLEE

vs.

## EVELYN G. JOHNSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from
East Cleveland Municipal Court
Case No. 13-CVF-00131

**BEFORE:**   Blackmon, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**      October 2, 2014

**FOR APPELLANT**

Evelyn G. Johnson, pro se
3681 East 142nd Street
Cleveland, Ohio 44120


**ATTORNEYS FOR APPELLEE**

David A. Bader
P.O. Box 42348
Cincinnati, Ohio 45242

Elizabeth M. Shaffer
Dinsmore & Shohl, L.L.P.
255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202

PATRICIA ANN BLACKMON, P.J.:

{¶1} Appellant Evelyn Johnson appeals the trial court's decision granting judgment in favor of Unifund CCR, L.L.C. ("Unifund") after a trial in the East Cleveland Municipal Court. Johnson assigns the following errors for our review:

> I. The municipal court incorrectly granted a judgment to Unifund where Unifund sued for breach of contract not in writing.

> II. The municipal court incorrectly granted judgment to Unifund after I argued to the municipal court that Unifund violated the FDCPA.

{¶2} After reviewing the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On February 7, 2013, Unifund filed a complaint for breach of a contract not in writing, promissory estoppel, unjust enrichment, and action on an account. The complaint alleged that Johnson had defaulted on an account with Citibank, the original creditor, that Unifund had obtained Johnson's account by assignment from Citibank, and that Johnson owed a total of $7,965.29.

{¶4} On May 28, 2013, Johnson filed a motion to dismiss, arguing among other things that Unifund failed to attach the alleged contract and failed to attach a copy of the alleged assignment. On May 30, 2013, the trial court denied the motion. On July 9, 2013, with Johnson having failed to file an answer to the complaint, Unifund filed a motion for default judgment.

**{¶5}** On September 5, 2013, the magistrate assigned to the case conducted a trial and determined that Unifund had presented sufficient evidence that Johnson owed the sum alleged. The magistrate issued a decision that judgment be granted in favor of Unifund. On October 3, 2013, with Johnson having failed to file any objections to the magistrate's decision, the trial court adopted the decision and granted judgment against Johnson in the amount of $7,965.29.

## Breach of Contract

**{¶6}** In the first assigned error, Johnson argues the trial court erred when it granted judgment in favor of Unifund.

**{¶7}** The standard of review in an action for breach of contract is whether the trial court erred as a matter of law. *Arrow Unif. Rental LP v. Wills, Inc.*, 6th Dist. Wood No. WD-12-057, 2013-Ohio-1829, citing *Lee's Granite, L.L.C. v. Lavelle*, 6th Dist. Erie No. E-08-039, 2009-Ohio-1532, ¶ 13. Accordingly, we "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." *Id.*

**{¶8}** We must nonetheless keep in mind that "an appellate court gives due deference to the trial court's findings of fact, so long as they are supported by competent, credible evidence." *The Four Howards, Ltd. v. J & F Wenz Road Invest., L.L.C.,* 179 Ohio App.3d 399, 2008-Ohio-6174, 902 N.E.2d 63, ¶ 63 (6th Dist.), citing *State v. Clements*, 5th Dist. Licking No. 08 CA 31, 2008-Ohio-5549, ¶ 11.

**{¶9}** A contract is a promise, or a set of promises, actionable upon breach. *Hinsch v. Root Learning, Inc.*, 6th Dist. Lucas No. L-12-1192, 2013-Ohio-3371, citing *Cleveland*

*Builders Supply Co. v. Farmers Ins. Group of Cos.*, 102 Ohio App.3d 708, 712, 657 N.E.2d 851 (8th Dist.1995). The essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent, and legality of object and of consideration. *Jackson Tube Serv. v. Camaco L.L.C.*, 2d Dist. Miami Nos. 2012 CA 19, 2012 CA 25, 2013-Ohio-2344, ¶ 10, citing *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 28.

{¶10} In the instant case, Johnson argues the trial court erred by granting judgment in Unifund's favor because it failed to present a written contract establishing that she was the owner of the credit card account.

{¶11} Preliminarily, we note, the credit card relationship is an offer by the issuer for a series of unilateral contracts that are actually formed when the holder uses the credit card to buy goods or services or to obtain cash. *Cavalry SPV I, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 97422, 2012-Ohio-2202, citing *In re Ward*, 857 F.2d 1082, 1086-1087 (6th Cir.1988). Thus, rather than needing a signed written agreement, the use of a credit card results in the person using the card being bound by the card member agreement. *Citibank v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, citing *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 33.

{¶12} Attached to Unifund's complaint was an affidavit from the custodian of records, who averred that Johnson owed $7,382.20, plus accumulated interest from the

charge-off date of May 27, 2010 to the present, at the rate of 3% per annum, $583.09, for a total of $7,965.29, plus court cost. At trial, Unifund presented copies of billing statements dating from June 2009 through June 2010, sent to Johnson's address, where she admitted that she had been residing alone.

The statements reflect purchases and cash advances made on the account. In addition, the statements reflect payments made by mail on the accounts, and at least three times when payments were made over the phone. Johnson presented no evidence to the contrary.

{¶13} Based on the foregoing, we conclude there is substantial competent evidence to support Unifund's claim. Consequently, the trial court did not err in granting judgment in Unifund's favor. Accordingly, we overrule the first assigned error.

## Fair Debt Collection Practices Act

{¶14} In the second assigned error, Johnson argues that the trial court should not have granted judgment in Unifund's favor because it violated the Fair Debt Collection Practices Act ("FDCPA"). However, the record reveals that Johnson never raised this issue below. Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. *Miller v. Romanauski*, 8th Dist. Cuyahoga No. 100120, 2014-Ohio-1517; *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. Cuyahoga Nos. 86444 and 87305, 2006-Ohio-4880, ¶ 33. Therefore, issues not raised in the trial court are forfeited on appeal. *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 21-23. Accordingly, we overrule the second assigned error.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR