[Cite as *Discover Bank v. Wyley*, 2025-Ohio-104.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DISCOVER BANK,                                        :

    Plaintiff-Appellee,                      :

                                       No. 113871

    v.                                                        :

ASIA N. WYLEY,                                        :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-990359

---

### *Appearances:*

Asia N. Wyley, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Asia N. Wyley ("Wyley"), appeals the trial court's grant of summary judgment in favor of plaintiff-appellee, Discover Bank ("Discover"), on its action seeking recovery for nonpayment on a credit card account. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} In December 2023, Discover filed an action on account against Wyley seeking a judgment for an outstanding credit card balance in the amount of

$7,225.84, as reflected by the account statement for the date range of July 17, 2023, through August 16, 2023, attached as an exhibit to the complaint. Discover alleged that Wyley, in applying for a credit card account and using the account, became bound by the cardmember agreement's terms and conditions, also attached as an exhibit to the complaint.

{¶ 3} In January 2024, Wyley filed an answer, denying the allegations in Discover's complaint. She did not advance any affirmative defenses.

{¶ 4} In March 2024, Discover moved for summary judgment contending that no genuine issues of material fact existed and that it was entitled to judgment as a matter of law in the amount of $7,225.84, plus costs and interest. Discover supported its motion with (1) one year of credit card statements from August 2022, through August 2023; (2) the cardmember agreement; and (3) an affidavit from Robert Adkins, a litigation specialist for Discover, referencing and authenticating the documents attached to the motion for summary and averring that Wyley defaulted under the terms and conditions of the cardmember agreement by failing to make the required payments on her Discover card account.

{¶ 5} Wyley opposed Discover's motion, contending that Discover failed to prove that she applied for the credit card account or made all the transactions on the account. According to Wyley, she was not responsible for any "unauthorized" transactions. She did not provide any documentation supporting her arguments.

{¶ 6} The trial court granted Discover's motion and entered judgment in its favor and against Wyley in the amount of $7,225.84 plus costs and interest from the

date of judgment at a rate of 5% per annum. Wyley now appeals, raising two assignments of error.

{¶ 7} In her first assignment of error, Wyley contends that the trial court erred in granting summary judgment in favor of Discover. Specifically, she contends that Discover did not withstand its burden based on the evidence and information submitted. According to Wyley, she is not liable for any unauthorized charges, and she relayed that information at a court hearing on February 29, 2024.[1]

{¶ 8} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 106 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist. 1997).

{¶ 9} Summary judgment is proper pursuant to Civ.R. 56(C) only when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. The party moving for summary judgment has the initial burden of specifically pointing "to some evidence of the type

---

[1] Wyley did not produce a transcript of the February 29, 2024 hearing.

listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant fails to meet this burden, summary judgment is not appropriate. *Id.* If the moving party meets this burden, the burden shifts to the nonmoving party to satisfy their "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts" and evidence in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* The nonmoving party may not rest upon the mere allegations or denials in the party's pleadings. Civ.R. 56(E).

{¶ 10} In general, "[a]n action on an account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid." *Dept. Stores Natl. Bank v. McGee*, 2013-Ohio-894, ¶ 16 (7th Dist.). Actions seeking to collect on a credit card balance "constitute actions 'on an account.'" *Id.*, quoting *Capital One Bank v. Toney*, 2007-Ohio-1571, ¶ 34 (7th Dist.). In order to establish a prima facie case for money owed on an account, a plaintiff must demonstrate:

> [T]he existence of an account, including that the account is in the name of the party charged, and it must also establish (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items that permits the calculation of the amount claimed to be due.

*McGee* at ¶ 16; *see also Citibank, N.A. v. Katz*, 2013-Ohio-1041, ¶ 11 (8th Dist.).

{¶ 11} Credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement. *Bank One, Columbus, N.A. v.*

*Palmer*, 63 Ohio App.3d 491, 493 (10th Dist. 1989). A credit card action on account does not require a signed written agreement. As this court has explained, "the credit card relationship is an offer by the issuer for a series of unilateral contracts that are actually formed when the holder uses the credit card to buy goods or services or to obtain cash." *Unifund CCR, L.L.C. v. Johnson*, 2014-Ohio-4376, ¶ 11 (8th Dist.), citing *Cavalry SPV I, L.L.C. v. Krantz*, 2012-Ohio-2202 (8th Dist.). "Thus, rather than needing a signed written agreement, the use of a credit card results in the person using the card being bound by the card member agreement." *Id.*, citing *Citibank v. Ebbing*, 2013-Ohio-4761 (12th Dist.).

{¶ 12} In support of its motion for summary judgment, Discover submitted the affidavit of Robert Adkins, a litigation specialist for Discover, along with copies of monthly billing statements for Wyley's account from August 2022, until August 2023, and a copy of the cardmember agreement. The statements reflect payments made on the account, as well as finance charges interest, and the balance due. According to the Adkins's affidavit, (1) the records supporting Discover's motion are kept in the regular course of business, (2) his affidavit is based on his personal knowledge and review of those business records, (3) Wyley failed to make the required payments and is thus in default, (4) the account balance of $7,225.84 is due, and (5) the cardmember agreement and one year of monthly account billing statements attached to his affidavit are true and accurate copies of the available documents for the account. Based on the foregoing, we find that Discover met its burden of establishing a prima facie case for money owed on an account and

therefore satisfied its initial burden of demonstrating that no genuine issue of material facts exists that it is entitled to judgment as a matter of law.

{¶ 13} Under Civ.R. 56(E), the burden now shifts to Wyley to satisfy her reciprocal burden to identify specific facts in the record demonstrating that a genuine issue of material fact exists for trial. In her opposition, Wyley generally contended that Discover failed to prove that she applied for the charge account or made all the transactions on the account. According to Wyley, she was not responsible for any unauthorized transactions. Wyley did not provide any documentary evidence or specific facts supporting these statements. Her general denials and unsupported conclusory assertions are insufficient under Civ.R. 56(E) to withstand summary judgment. *Professional Bank Servs. v. Grossman DT, Inc.*, 2019-Ohio-2230, ¶ 21 (8th Dist.).

{¶ 14} On appeal, Wyley continues to advance that she is not liable for the debt because "the evidence submitted shows unauthorized charges that [she] is not liable for" or "that [she] made the charges." No such evidence exists in the record before this court. She did not provide any evidence to the trial court showing what transactions were not authorized, that she reported those unauthorized transactions to Discover as required by the cardmember agreement, or that she filed a police report indicating that her card was lost, stolen, or used by an unauthorized individual. Absent any documentary evidence or specific facts supporting Wyley's claims, Discover is entitled to judgment as a matter of law and the trial court did not

err in granting summary judgment against her. Her first assignment of error is overruled.

{¶ 15} Finding no error in the trial court's decision, we overrule Wyley's second assignment of error, contending that the trial court deprived her of her right to a jury trial. *See* App.R. 12(A)(1)(c). The right to a jury trial is only enforceable where there are factual issues to be tried. *Barstow v. Waller*, 2004-Ohio-5746, ¶ 53 (4th Dist.). Accordingly, the proper granting of a motion for summary judgment does not abridge an individual's constitutional right to a jury trial. *Univ. Carnegie Med. Partners Assocs. v. Cleveland Therapy Ctr.*, 1992 Ohio App. LEXIS 5243, *17 (8th Dist. Oct. 15, 1992), citing *Houk v. Ross*, 34 Ohio St.2d 77, 83-84 (1973). Because summary judgment was proper, Wyley has no right to a jury trial.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR